UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JANDO,

      Plaintiff,

                                              Case No. 1:24-cv-1019

v.

                                              Hon. Hala Y. Jarbou

UNKNOWN DAVIS, et al.,

      Defendants.
_____/

## **ORDER**

Plaintiff Joseph Jando brings this Eighth Amendment case under 42 U.S.C. § 1983 against several Michigan Department of Corrections officers for failing to protect him from the violence of fellow prisoners.  Before the Court is Magistrate Judge Phillip J. Green's report and recommendation (R&R) that the Court grant Defendants' motion for summary judgment (ECF No. 21) and dismiss several of Plaintiff's claims based on failure to exhaust administrative remedies and/or the statute of limitations.  (R&R, ECF No. 36.)  Plaintiff has objected to the R&R (ECF No. 37).  Under Rule 72 of the Federal Rules of Civil Procedure, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  As explained below, the Court will overrule the objections and adopt the R&R in full.

First, the magistrate judge recognized that some of Plaintiff's claims are time-barred. Plaintiff's claims are based on nine assaults that allegedly occurred in February 2020, June 2020, July 2020, August 2020, October 2020, December 2020, October 2021, March 2022, and July 2022.  As the magistrate judge explained, the applicable statute of limitations here is Michigan's three-year period for personal injury claims.  *See* Mich. Comp. Laws § 600.5805; *Carroll v.*

*Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986).  Plaintiff filed this case on September 25, 2024, so any claims that accrued before September 25, 2021, are barred.  The running of the statute of limitations is tolled while a plaintiff exhausts his administrative remedies, but as the magistrate judge recognized, that tolling rule does not bring any of the pre-2021 claims within the statute of limitations.  Thus, all of Plaintiff's claims are time-barred except the October 2021, March 2022, and July 2022 claims.  Plaintiff objects generally to the application of the statute of limitations but does not make any specific argument as to why it should not apply, so the Court adopts the reasoning of the R&R on this issue.

Second, the magistrate judge found that Plaintiff had not exhausted most of his claims against Defendants.  The only fully exhausted claims were those against Defendants Davis, Brege, Page, Boykins, and Douglas arising from the March 2022 assault.  Although Plaintiff also brings claims regarding that assault against Defendants Winger, Treptow, and Hoffman, he did not exhaust his remedies against those Defendants because he did not name them in his Step I grievance.  Plaintiff objects that he named Winger and Treptow in his Step II and III grievances.  Generally, a plaintiff must name an official at Step I in order to exhaust his remedies against them.  *See Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019).  However, if Plaintiff had received a Step II or III response on the merits that mentioned the Defendants he had not named at Step I, that response could serve as a waiver of the exhaustion defense as to those Defendants.  *Id.*  But here, neither the Step II nor the Step III response mentioned Winger or Treptow, so no waiver occurred.  (*See* Grievance Records, ECF No. 22-3, PageID.133–135.)  Thus, this objection is overruled.

Plaintiff also states in his objection that after he was attacked on December 8, 2020, he "was completely unable to read/write for well over 1 year" and "did not fully recover for at least

2

a year." (Obj., ECF No. 37, PageID.199.)  Plaintiff's grievance regarding the December 2020 assault was rejected as untimely (*see* Grievance Records, PageID.152), so the Court interprets Plaintiff's objection as an argument that the untimeliness should have been excused due to his injuries.  However, because the Step III response for that grievance was issued on June 8, 2021, the claims underlying the grievance are time-barred and there is no need to determine whether they are also barred for failure to exhaust.

Plaintiff's injuries are also not a basis for equitable tolling of the statute of limitations. Federal courts "apply state tolling rules to § 1983 claims unless they are inconsistent with federal law."  *Bozzo v. Nanasy*, 159 F.4th 1111, 1118 (6th Cir. 2025).  Michigan has several bases for tolling specified by statute—for example, if the plaintiff is a minor or has a mental disability—but none apply here.  *See* Mich. Comp. Laws § 600.5851.  Moreover, this tolling rule provides the plaintiff with only one additional year to bring their claim after the relevant obstacle to filing suit is removed; it does not add a year to the otherwise-applicable limitations period.  Thus, because Plaintiff states that he did not recover for a year after his December 2020 injury, § 600.5851's tolling rule would only allow him to file his case through December 2021—which is less than the un-tolled statute of limitations would provide.  And there is no applicable non-statutory source of tolling because "Michigan law . . . does not permit common law equitable tolling of express limitations periods, including the three-year period at issue here."  *Bozzo*, 159 F.4th at 1118.

In sum, the Court agrees with the reasoning of the R&R.  Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 37) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 36) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding the assaults in 2020 are **DISMISSED** as time-barred.  Additionally, Plaintiff's claims regarding the October 2021 and July 2022 assaults are **DISMISSED** for failure to exhaust.  Finally, Plaintiff's claims against Defendants Winger, Treptow, and Hoffman related to the March 2022 assault are **DISMISSED** for failure to exhaust, and these Defendants are dismissed from the case.  Plaintiff's surviving claims are those against Defendants Davis, Brege, Page, Boykins, and Douglas arising from the March 11, 2022, assault.

Dated: April 21, 2026            /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE